## C. E. RAGLAND et al., Respondents, v. CONQUEROR ZINC COMPANIES, Appellant.

### Kansas City Court of Appeals, May 3, 1909.

COVENANTS FOR TITLE: Contract for Lease: Forfeiture: Performance. Defendant entered into a contract with plaintiff whereby the latter was to prospect on certain lands for minerals, and if found, the defendant agreed to give plaintiff a lease for a certain term on a certain rental. Defendant had at the time a subsisting lease on the land subject to forfeiture. Plaintiff undertook to perform the contract but was prevented by defendant's lessor who forfeited the lease and stopped the plaintiff. *Held*:

(1) The title subject to forfeiture is divested only by entry.

(2) That the plaintiff's knowledge that the lease was subject to forfeiture does not invalidate the contract and each party was bound thereby.

(3) That defendant's contract was to furnish plaintiff with a lease and that his lessor would not forfeit his own lease.

(4) That the contract contained an implied covenant for quiet enjoyment.

(5) That the profits which might be obtained from the continuance of the mining contract was too uncertain and speculative to furnish a basis for recovery, but that expenditures made in the endeavor to perform the contract are properly subjects for recovery.

(6) That the measure of damages was the actual expense incurred in the attempt to comply with the contract.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*Thomas Dolan* for appellant.

(1) The demurrer of defendants to the evidence should have been sustained as to both defendants, as under the pleading and evidence the respondents were not entitled to recover. (2) It was not true as alleged, that appellant had no lease at the time the contract was made with respondents. 1 Jones on Real Property, sec. 620, and note. Garnhart v. Finney, 40 Mo. 449;

Tiedeman on Real Property, sec. 277; White on M. & M., sec. 246, and note; Kerr on Real Property, p. 1058; 1 Jones on Real Property, sec. 708. (3) The appellant made no express covenant for quiet enjoyment with the respondents. Vol. 24 Cyc., pp. 1057-1058, and cases cited in note; Crouch v. Foule (N. H.), 32 Am. Dec. 350; Adams v. Bigney, 6 Bing. 656; Rawle on Covenants, 469; Taylor on Landlord and Ten., sec. 256. (4) The court erred in refusing instruction No. 2 prayed for by appellant. The lease which appellant held from the landowner, Smith, was duly recorded in the office of the recorder of Jasper county, Missouri, and was duly acknowledged. (5) The measure of damages for failure to deliver possession or for disturbance of possession under a lease is the difference between the rent reserved and the value of the lease. Hughes v. Wood, 50 Mo. 350; Knight Bros. v. Railroad, 122 Mo. App. 38; Gildersleeve v. Overstolz, 90 Mo. App. 522; Taylor v. McGuire, 12 Mo. 313; Calloway Mfg. Co. v. Clark, 32 Mo. 305; Sedgwick on Damages (8 Ed.), sec. 182; Hurst v. Marks, 67 Mo. App. 420; Brigham v. Carlisle, 56 Am. Report 28.

*Currey, Owen & Farris,* for respondent, filed no briefs.

BROADDUS, P., J.—This is a suit for damages. The petition in substance alleges that in August, 1906, the defendant Houk for himself and the other defendants represented to plaintiff Ragland that the defendants had a valid and subsisting lease for ten years on certain mining property in Jasper county; and that defendants had the right and power to sublease said property; and that defendants so representing to plaintiff entered into a contract with plaintiff, whereby he was to enter upon the said leased land to prospect and mine for lead and zinc ore, and if the said Ragland or his assigns should strike and develop ore sufficient to war-

rant the erecting of a mining plant or to pay the expense of handling and cleaning of ore by hand jigs, then the defendants were to furnish plaintiffs with a written lease or license to mine said land for ten years under a royalty of twenty per cent. The petition sets forth that after said contract was made Ragland assigned to each of his coplaintiffs one-fourth interest in the lease. It is alleged that after plaintiffs entered upon the performance of said contract they were notified that defendants had no lease upon the land and thereupon were about to cease work, when defendant Houk for himself and defendant corporations guaranteed and assured the plantiffs that they had full right upon said land under the said lease, and agreed to protect plaintiffs and assure them their full rights under the contract aforesaid. And plaintiffs say that, by reason of the aforesaid contract, representations and assurance, they continued to mine and carry on mining operations and expended in the performance thereof in mining said land the sum of six hundred dollars.

Plaintiffs further allege that thereafter, by a judgment of the circuit court of the county against defendants, it was adjudged that defendants had no right upon said land and no right to sublease the same. They allege that, if the contract for a lease had been performed, would have been worth $5,000. They claim that they are damaged in the sum of 2,500 in addition to said sum of $600, for all of which they asked judgment.

The defendants by their answer set up that they had a lease on the land in question, dated November 9, 1904, for a term of fifteen years, and which was duly recorded in the office of the recorder of deeds for the county; and that it was in force at the time of the contract made with plaintiff Ragland, and subject to the usual conditions of a mining lease, but that no work was being done on the land on the said 17th day of August and for a short time prior thereto, all of which plaintiffs well knew, and that plaintiff had notice of the terms of the

Ragland v. Conqueror Zinc Companies.

lease to defendants and also had notice of the manner in which said lease had been complied with in regard to the mining on said ground. The plaintiffs' reply put in issue the matters set out in the answer.

The plaintiffs introduced the contract as set out in their petition and evidence tending to show the value of the work and expenditures in prospecting for ores, but failed to prove the allegation that defendants guaranteed and assured plaintiff, after they had received notice that defendants' lease had been forfeited, that they had full right upon said land under their lease, and agreed to protect plaintiffs and assure them their full rights under the said contract. Some of the conditions of defendants' lease from the owner of the land were that mining should commence immediately and be carried on in good faith and continuously. The provision for a forfeiture is as follows: "Any failure to comply with and perform the requirements of this lease in good faith at any time shall end and determine the same, and the said party of the first part may declare an ouster and re-enter upon and hold said demised premises. Subject to these conditions, this lease shall remain in full force for the term of fifteen years from the date thereof." The judgment of the circuit court against plaintiffs and defendants rendered in favor of the original lessor was introduced in evidence. The plaintiffs recovered judgment for $285.50, from which defendants appealed.

The contention of defendants is that plaintiffs under the evidence were not entitled to recover. We think defendants' argument does not sustain their theory of the case, which is to the effect that at the time of the making of the contract they had a good and subsisting lease from the lessor, it not at that time having been forfeited.

It may be assumed that the provision for a forfeiture was a condition subsequent, which right if not exercised, a forfeiture would not result. It is said, "The title to land conveyed upon a condition subsequent vests in the

grantee, and his failure to perform the condition does not divest the title. The title is divested only upon the entry of the grantor or his heirs for the condition broken or by suit for the recovery of possession," etc. [1 Jones' Law of Real Property and Conveyancing, sec. 708.] The lessor may waive the right of forfeiture. [Garnhart v. Finney, 40 Mo. 449.] These authorities go to show that defendants did in fact have a subsisting lease at the date of the contract, subject however to the right of defendants' lessor to declare a forfeiture for a failure to perform its conditions. Such being the case, we cannot see how plaintiffs' knowledge, that the lease was subject to a forfeiture because its conditions had not been complied with, can be a basis for defendants' argument that plaintiffs cannot recover. There was a subject-matter for the contract and, so far as knowledge of the conditions was concerned, the plaintiffs and defendants stood upon an equal footing. There being a subject-matter and a sufficient consideration, it was a valid contract and the undertaking by plaintiffs to comply with its terms imposed a like duty upon defendants.

The plaintiffs were prevented by the action of the defendants' lessor in forfeiting the lease from complying in full with their contract with defendants. The defendants' contract was to furnish plaintiffs with a lease on the land for a period of ten years if they should develop paying ore. There is no reservation whatever or no condition that would exonerate defendants from making such lease upon plaintiffs' compliance with the contract and the finding of paying ores. The defendants contracted without reference to the contingency that the lease was liable to be forfeited. The defendants' undertaking, in effect, was that there would be no forfeiture of the lease.

However, the defendants insist that there was no covenant for quiet enjoyment of the premises. There are no express words to that effect, but from the very nature of the duties imposed upon plaintiffs by the contract

they could not be performed unless plaintiffs had peaceable possession, from which it follows that quiet enjoyment may be reasonably inferred. [1 Taylor's Landlord and Tenant, sec. 251.]

As plaintiffs were to have a lease on the contingency that they found paying ores, it is argued that their expenditures in the enterprise were their own loss. That, which plaintiffs lost, was the right to continue the mining venture, which, if continued, might·or might not result in reimbursing them. It is true, that the profits which plaintiffs might have realized from a continuance of their mining contract would be too uncertain and speculative as a basis for recovery, but it does not necessarily follow that their expenditures in their endeavor to perform the contract are not proper subjects for which they might recover.

The defendants by their contract invited plaintiffs to prospect for ores, which, if found in paying quantities, would have been of value to them as well as to defendants who were to receive a certain royalty from the product. Plaintiffs did a part of the work and incurred expense, and were prevented by no fault of their own, but by that of defendants, in prosecuting the enterprise to a conclusion. In certain regions in Jasper County where rich ores of lead and zinc are found in great quantities, the right to mine may be considered as a property right, and it was so considered by the parties to the contract in controversy. It is true, there may be in some instances a failure to realize any profits from such mining, but it ought not to be said for that reason a contract of such character should be viewed differently in the eye of the law from a contract giving the right to cultivate a farm for vegetable products. The only difference is that in the latter contract there would probably be greater certainty of profitable results.

The defendants contend that the measure of damages on account of a disturbance of possession is the difference between the rent reserved and the value of the

lease. The court instructed the jury that the measure of plaintiffs' damages was the actual expense incurred by them in their work. The instruction was correct. This is not a suit to recover damages for ouster of the premises held under a lease; therefore, the rule that defendants invoke has no application.

Finding no error, the cause is affirmed. All concur.